UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THOMAS M. FERRANTI, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**TEREX CORPORATION et al.,**<br><br>Defendants. | Civil Action No. 23-2488 (MAS)<br><br>**MEMORANDUM OPINION** |

**BONGIOVANNI, United States Magistrate Judge**

This matter comes before the Court upon a motion to amend by Plaintiff Thomas M. Ferranti, Jr. ("Mr. Ferranti"), who is seeking to add Genie Industries, Inc. ("Genie"), as a defendant to this action. Defendants Terex Corporation and Terex South Dakota, Inc. ("Terex") oppose Mr. Ferranti's motion.[1] The Court has fully reviewed all arguments raised in favor of and in opposition to Mr. Ferranti's motion to amend his Complaint. The Court considers Mr. Ferranti's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Mr. Ferranti's motion to amend is DENIED.

**I. Factual Background**

The parties and the Court are familiar with this matter. As a result, the facts of this case are not restated at length herein. Instead, only those facts relevant to the pending motion to amend are discussed. This is a products liability matter involving the injuries Mr. Ferranti sustained while operating a Genie S-65 Mobile Elevating Work Platform (the "Genie S-65") on May 26, 2021. Mr. Ferranti claims that Terex negligently manufactured and placed into the stream of commerce the Genie S-65, which resulted in certain defects that caused injuries to Mr. Ferranti. Mr. Ferranti filed

---

[1] Skyworks, LLC ("Skyworks"), is an additional defendant in this matter, but has not filed any opposition to the present motion.

his original Complaint against Terex on May 5, 2023. (Docket Entry No. 1). In addition to Terex and Skyworks, the Complaint named ABC Corporations 1-10 as unknown parties that may be liable for Mr. Ferranti's injury and the defective product. (*Id.*) On June 15, 2023, Terex filed an Answer to Mr. Ferranti's Complaint (Docket Entry No. 8). Thereafter, on September 29, 2023, Terex served its initial disclosures in which Terex indicated that representatives of Genie, were people likely to have discoverable information regarding this matter. (Def. Opp. Br. at 5-6, 11; Docket Entry No. 30).

On September 7, 2023, the Court entered an Order setting the initial scheduling conference for October 3, 2023. (Docket Entry No. 18). The Court held the initial scheduling conference as scheduled, and on October 4, 2023, entered a Scheduling Order that memorialized the case management schedule discussed at the conference. (Docket Entry No. 21) Therein, the Court established December 31, 2023, as the deadline to amend the pleadings and/or join new parties. (*See id*.)

On February 29, 2024, Terex provided answers to Mr. Ferranti's interrogatories, which indicated that Genie was the designer of the allegedly defective Genie S-65. (*See* Pl. Br. at, at 3; Docket No. 26-2). After receiving same, Mr. Ferranti sought, but was unable to obtain, Terex's consent to join Genie as a defendant in this action. (*See id* at 4). As a result, in accordance with the Court's instructions provided during the status conference held on March 6, 2024, Mr. Ferranti advised the Court that Terex's consent was not obtained and requested permission to file a motion to amend. On, March 22, 2024, the Court entered a Text Order, directing Mr. Ferranti to file a motion seeking leave to file a First Amended Complaint by April 12, 2024. (Docket Entry No. 25). Mr. Ferranti filed the instant motion on April 11, 2024, in compliance with the Court's Order.

(Docket Entry No. 26). Terex filed its brief in opposition to Mr. Ferranti's motion to amend on April 22, 2024. (Docket Entry No. 30).

Mr. Ferranti argues that FED.R.CIV.P. ("Rule") 15(c), which allows amended complaints to relate back to the filing date of the original complaint, applies to the present motion. (Pl. Br. at 4). Additionally, he maintains that N.J.R. 4:26-4, the "fictitious party rule," compels this Court to grant his motion to amend. (*Id.* at 5). New Jersey's fictious party rule permits a plaintiff who files a complaint against an unknown entity, using a fictitious name, to amend his complaint upon the discovery of said entity's identity after the expiration of the statute of limitations. (*Id*). The rule also requires plaintiffs to do their due diligence in discovering the unknown party's identity. (*Id*). Mr. Ferranti argues that he did in fact do this, since he could not have known that Genie was the designer of the Genie S-65 at the time of the incident. (*Id.* at 6). Furthermore, Mr. Ferranti contends that Terex only revealed this information after a series of discovery delays, not furnishing the identity of the machine's designer until February 29, 2024. (*Id.*)

Terex raises several objections to Mr. Ferranti's motion. Terex contends that the motion is untimely, considering that the statute of limitations expired on May 26, 2023. (Def. Opp. Br. at 7). Terex argues that Mr. Ferranti cannot rely on N.J.R. 4:26-4 to avoid the running of the limitations period because he did not do his due diligence in discovering the identity of Genie. (*Id*. at 8). Terex argues that the Genie S-65, itself, was marked with Genie's logo. (*Id.* at 1-2). Terex also points out that Mr. Ferranti's rental agreement with Skyworks identified the make of the lift as "Genie." (*Id*. at 3). Further, Terex had communicated to Mr. Ferranti that Genie was likely to have discoverable information on September 29, 2023, well before Mr. Ferranti sought to amend. Terex contends that the combination of these facts ought to have spurred Mr. Ferranti to conduct a basic inquiry into Genie's identity. (*Id.* at 5-6, 11). Further, Terex argues that Mr. Ferranti cannot rely

3

on Rule 15 to relate his proposed Amended Complaint back to the date of the original Complaint since "Rule 15 only allows an amendment to a pleading to relate back to the original pleading in very limited circumstances," and Mr. Ferranti has not explained how he has met same. (*Id.* at 12).

**II. Analysis**

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). A proposed amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Alvin*, 227 F.3d at 121) and considers only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff

may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The focus is not on "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Bell Atl. Corp.*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)). To be clear, conclusory and superficial allegations that a cause of action exists are insufficient. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). As *Iqbal* made clear, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." 555 U.S. at 678. To survive a motion to dismiss, civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Terex opposes Mr. Ferranti's motion primarily on grounds of futility, arguing that the proposed addition of Genie as a defendant is barred by the statute of limitations, which expired on May 26, 2023, nearly a year prior to Mr. Ferranti seeking to amend. (*See* Def. Opp. at 7).

Mr. Ferranti does challenge Terex's claims regarding the expiration of the applicable statute of limitations. Instead, he maintains that his proposed amendment is not futile because both Rule 15(c), as well as N.J.R. 4:26-4, allow him to relate his proposed Amended Complaint back to the date of his original filing. (*See* Pl. Br. at 4-6).

Where futility is asserted based on the alleged expiration of the applicable statute of limitations, the Court considers the relation back doctrine set forth in Rule 15(c). While Rule 15 undeniably "embodies a liberal approach to pleading" (*Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006), Rule 15(c)'s relation back principles are more stringent than the liberal standard for amending the pleadings set forth in Rule 15(a). *See Jong Cheol Lee v. Calvary Korean United Methodist Church*, Civil Action No. 10-2832 (JA), 2011 WL 6140716, at *2 (D.N.J. Dec. 9, 2011).

Pursuant to Rule 15(c)(1)(A), "An amendment to a pleading relates back to the date of the original pleading when: the law that provides the applicable statute of limitations allows relation back." New Jersey law, which provides the applicable statute of limitations on Mr. Ferranti's claims, permits relation back. Pursuant to N.J.R. 4:26-4, "[I]f the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictious and adding an appropriate description sufficient for identification." In other words, when a plaintiff is unaware of a defendant's identity, N.J.R. 4:26-4 permits a plaintiff to both substitute a fictitious name in place of the unknown defendant's real name, and to amend the complaint once said defendant is identified, notwithstanding the expiration of the statute of limitations. *See Viviano v. CBS, Inc.*, 101 N.J. 538 (1986); *Lawrence v. Bauer Publ'g & Printing, Ltd.*, 78 N.J. 371 (1979); *Farrell v. Votator Div. of Chemetron Corp.*, 62 N.J. 111 (1973).

Further, "[f]ederal courts within the Third Circuit have recognized that pursuant to Fed. R. Civ. P. 15(c), plaintiffs may avail themselves of New Jersey's fictious defendant rule to toll the

statute of limitations in tort actions." *Reeves V. County of Bergen*, Civil Action No. 18-cv-14061 (BRM (ESK), 2023 WL 8520742, at *5 (D.N.J. Dec. 8, 2023) (citing *DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348 (3d Cir. 2004). Importantly, however, the fictious party rule only applies when the following three elements have been met: "1) the complaint must contain a description sufficient to identify the defendant; 2) the plaintiff must have exercised due diligence to ascertain the defendant's true name before and after filing the complaint; and 3) application of the fictious party [rule] must not prejudice the defendant." *Estate of Lowther v. City of Newark*, No. Civ. No. 13-7244 (KM) (MAH), 2015 WL 13236826, at *2 (D.N.J. Nov. 6, 2015) (citing *Ortiz ex rel. Rivera v. City of Camden*, No. 11-2300, 2013 WL 1811895, at *3 (D.N.J. Apr. 2, 2013).

Defendant argues that N.J.R. 4:26-4 is inapplicable in part because Mr. Ferranti failed to exercise due diligence to ascertain Genie's true name. Mr. Ferranti maintains otherwise, contending that he exercised due diligence, noting that he could not have known that Genie was the designer of the Genie S-65 at the time of the incident, and that Terex only revealed that Genie was the machine's designer on February 29, 2024, after a series of discovery delays. (Pl. Br. at 3). What constitutes due diligence depends upon the circumstances of each case, but at the very least, "plaintiffs must 'investigate all potentially responsible parties in a timely manner' to cross the threshold for due diligence." *DeRienzo v. Harvard Indus.*, 357 F.3d 348, 354 (3d Cir. 2004) (quoting *Matynska v. Fried,* 175 N.J. 51, 53 (2002)).

Under the circumstances presented, the Court finds that Plaintiff has failed to establish due diligence in attempting to ascertain the identity of the unknown defendant. As the Defendant notes, the Genie logo is prominently displayed on the lift in multiple places, the phrase "Genie, A Terex Brand" appears on decals affixed to the machine and the rental agreement identified the make of the lift as "Genie." (Richman Cert., Exs. A and B; Docket Entry Nos. 30-2

7

and 30-3). Additionally, in its initial disclosures served on September 29, 2023, Terex expressly stated that "[r]epresentatives and/or employees of Genie Industries Inc." were likely to have discoverable information regarding this matter. (Richman Cert., Ex. D at 5; Docket Entry No. 30-5). Lastly, a "google" search would have confirmed that the lift was a Genie machine.

Plaintiff was required to "investigate all potentially responsible parties in a timely manner." *Matynska, v. Fried*, 175 N.J. at 53. Plaintiff's failure to do so is fatal to his claim. *Cf. DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348, 355 (3d Cir. 2004) (finding plaintiff acted with due diligence under circumstances of case, which included there being no indication of name of unknown defendant on allegedly defective rocket making identifying company as potential defendant to be "considerably more difficult[.]"); *see also Matynska* 175 N.J. at 53 (finding plaintiff failed to meet due diligence standard in identifying surgeon allegedly "complicit in her injury" where "doctor's name appeared twice in [plaintiff's] hospital records as a physician having participated in her care" and "[e]ven a cursory look at the telephone book or a call to Dr. Fried or the hospital would have uncovered [unknown surgeon's] status as a partner of Dr. Fried, thus alerting [plaintiff] to his role.")

Based on the foregoing, Plaintiff has not satisfied the elements of New Jersey's fictious party rule. As such, Mr. Ferranti's proposed claims against Genie do not relate back to his original pleading under N.J.R. 4:26-4 or Rule 15(c)(1)(A). Mr. Ferranti's proposed claims against Genie are therefore barred by the statute of limitations, and his motion to amend is denied as futile.

### III. Conclusion

For the foregoing reasons, Mr. Ferranti's motion for leave to file a First Amended Complaint is DENIED. An appropriate Order follows.

Dated: September 17, 2024

                                                                           s/ Tonianne J. Bongiovanni
                                           **HONORABLE TONIANNE J. BONGIOVANNI**
                                           **UNITED STATES MAGISTRATE JUDGE**